UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sandchase Cody,<br><br>Petitioner,<br><br>v.<br><br>Warden Napier,<br><br>Respondent. | C/A No. 9:26-cv-01078-JDA-MHC<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Sandchase Cody, a pro se federal inmate, seeks habeas corpus relief under 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In the Court's Order dated April 30, 2026, Petitioner was given the opportunity to bring his case into proper form by providing the item specified in the Order. He was also advised of pleading deficiencies and given an opportunity to file an amended petition. *See* ECF No. 3. On May 26, 2026, Petitioner sent a letter in which he states that he sent the filing fee to the Court. ECF No. 6. However, no filing fee has been received. Petitioner has not filed an amended petition.

## I. BACKGROUND

Petitioner is an inmate at FCI-Edgefield, part of the Federal Bureau of Prisons (BOP). He appears to be challenging his disciplinary conviction for refusing to obey an order on August 3, 2024. Petitioner was convicted of the charge on August 8, 2024. *See* ECF No. 1-1 at 1. Petitioner submitted a copy of the incident report indicating that the report was delivered to him on August 4, 2024. The initial disciplinary charge was "199-DISRUPTIVE CONDUCT-GREATEST[] MOST LIKE 195 – RIOTING." *Id.* at 3. The alleged violation appears to have been changed to a lesser charge of "307 REFUSING TO OBEY AN ORDER[.]" *See id.* at 1, 13.

Petitioner's asserted grounds for relief are (1) actual innocence, (2) inadequate time to prepare for the disciplinary hearing officer (DHO), and (3) that he has been unable to obtain a copy of his DHO report for appeal purposes. ECF No. 1 at 3. As relief, Petitioner requests that the incident be expunged from his record. *Id.* at 4.

## II. STANDARD OF REVIEW

A pro se habeas petition is reviewed pursuant to the procedural provisions of the Rules Governing Section 2254 Proceedings in the United States District Court, 28 U.S.C. § 2254;[1] the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983). The Court is charged with screening Petitioner's lawsuit to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.

Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254.

Procedure for "all civil actions").

## III. DISCUSSION

It is recommended that the Petition be summarily dismissed for the reasons discussed below.

### A. Disciplinary Hearing Claims

This action is subject to summary dismissal because Petitioner has not alleged that the disciplinary conviction he is challenging affected a protected liberty interest. When a prisoner "complain[s] ... he had been deprived of good-time credits without notice or hearing and without due process of law[,] [the Supreme Court] consider[s] the claim a proper subject for a federal habeas corpus proceeding." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). The rights afforded to inmates when prison disciplinary proceedings potentially involve the loss of good time credits include (1) written notice of violations at least twenty-four (24) hours before the hearing; (2) disclosure of evidence against the prisoner; (3) the right to call witnesses and present documentary evidence "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals;" (4) a neutral and detached hearing body; and (5) a written statement by the fact-finders as to evidence relied upon and reasons for disciplinary actions. *Id.*at 559–66. Furthermore, a decision to revoke good time credits must be supported by "some evidence" to comport with the requirements of due process. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985).

Petitioner, in his Petition and in his letter, has not asserted that he lost any good-time credits. *See* ECF No. 1 and 6. The proper remedy lies in habeas corpus only if "success in [an] action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). The "Inmate Discipline Data Chronological Disciplinary Record" submitted by Petitioner appears to indicate that he received sanctions of the loss of commissary

privileges and visitation for 60 days. *See* ECF No. 1-1 at 1. However, the loss of commissary and visitation privileges does not challenge the fact or duration of Petitioner's sentence such that he cannot bring such claims in a § 2241 habeas petition. *See, e.g.*, *Regassa v. Warden of FCI Williamsburg*, No. 822CV00466SALJDA, 2022 WL 19404462, at *4 (D.S.C. Sept. 7, 2022) ("[S]anctions such as disciplinary segregation or the loss of privileges such as commissary, phone, and visitation, 'do not involve a liberty interest because they do not impact the length of his confinement' and, thus, 'they do not state a claim for relief' under § 2241."), *report and recommendation adopted*, No. 8:22-CV-466-SAL, 2023 WL 2386515 (D.S.C. Mar. 7, 2023); *Reid v. Antonelli*, No. CV 6:18-990-MGL-KFM, 2018 WL 2770167, at *2 (D.S.C. May 22, 2018) ("The loss of commissary privileges that the petitioner suffered as a result of the disciplinary charge does not give rise to a federal habeas corpus claim because it fails to affect the length of the petitioner's confinement."), *report and recommendation adopted*, No. CV 6:18-00990-MGL, 2018 WL 2764785 (D.S.C. June 7, 2018), *aff'd*, 746 F. App'x 226 (4th Cir. 2018); *Wright v. Shartle*, 699 F. App'x 733, 733 (9th Cir. 2017) (stating claims of "the loss of phone, visitation, and email correspondence privileges ... are not cognizable under section 2241 because they do not concern the manner, location, or conditions of his sentence's execution"). Thus, Petitioner has not alleged a due process violation and his habeas Petition should be summarily dismissed.

Additionally, some of Petitioner's claims appear to be assertions that he was denied due process because policies or rules of the BOP were not followed. Such claims are subject to summary dismissal because "a federal court may grant habeas relief 'only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023). "The writ of habeas corpus is not available to enforce prison-specific policy manuals." *Clark v. Mosley*, No. 6:17-219-RMG, 2017 WL 5027347, at *3 (D.S.C. Oct. 30, 2017); *see also Rowls v. Mackelburg*, No. 0:20-979-DCN, 2020

WL 13739255, at *2 (D.S.C. April 27, 2020) ("[A] mere failure to follow BOP policy does not establish a constitutional violation."); *Bauer v. Warden FCI Williamsburg*, No. 6:16-304-RMG, 2017 WL 318683, at *2 (D.S.C. Jan. 23, 2017) ("[T]he BOP's violations of its own policies do not amount to a due process violation.").

In the letter filed by Petitioner, he states that he is still pursuing the appeal of his disciplinary charge. He appears to be asking the Court for advice on what to do about his appeal with the BOP. He asks whether he should await a BOP Central Office ruling "[or] try my best to make the proper argument" in front of the Court. ECF No. 6 at 2. Petitioner is advised that this Court cannot provide him with legal advice.

In his letter, Petitioner admits that he has not exhausted his appeal of his disciplinary conviction. ECF No. 1. He attached letters from the BOP indicating that his appeal was pending. ECF No. 6-1. Thus, it is clear that Petitioner did not exhaust his statutory remedies[2] prior to filing his § 2241 Petition. Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies before

[2] The BOP has a four-step administrative grievance process, including an informal resolution process and a three-tier formal administrative remedy process through which an inmate may seek formal review of any issue that relates to any aspect of his confinement. *See* 28 C.F.R. §§ 542.10 *et seq.*; BOP Program Statement (P.S.) 1330.18, Administrative Remedy Program. The grievance process consists of three levels of review: institutional, regional, and national. *See id.* First, an inmate must seek to informally resolve any complaint relating to his confinement at the institution level. 28 C.F.R. § 542.13. Next, if the complaint cannot be resolved informally, the inmate may file a formal written Administrative Remedy Request (on a BP-9 form) with the Warden, which must be filed within twenty calendar days after the date upon which the basis for the request occurred. *Id.* § 542.14. The matter will be investigated, and a written response provided to the inmate. Id. Then, if the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director (a "Regional Appeal"). *Id.* § 542.15. A Regional Appeal must be submitted on a BP-10 form within twenty days of the date the Warden signed his response. *Id.* Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel (a "Central Office Appeal"). *Id.* A Central Office Appeal must be submitted on a BP-11 form within thirty days of the date the Regional Director signed his response. *Id.* A Central Office Appeal is the final level of agency review. *Id.*

seeking habeas review under § 2241. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–91 (1973) (requiring exhaustion in a § 2241 matter); *Timms v. Johns*, 627 F.3d 525, 530–33 (4th Cir. 2010) (same); *McClung v. Shearin*, 90 F. App'x. 444, 445 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions."); *Miller v. Clark*, 958 F.2d 368, 1992 WL 48031, at *1 (4th Cir. 1992) (unpublished table opinion) ("Federal prisoners who wish to challenge the length of their confinement must first exhaust administrative remedies."); *Henderson v. Warden, Edgefield Satellite Prison Camp*, No. 2:09-cv-01599-RBH, 2009 WL 3317149, at *2 (D.S.C. Oct. 14, 2009) ("It is well settled that a federal prisoner is required to exhaust his administrative remedies within the BOP before filing an action pursuant to § 2241."). Here, the Petition is subject to summary dismissal for the additional reason that Petitioner failed to exhaust his administrative remedies prior to filing this Petition.[3]

In his letter, Petitioner appears to request that his case be paused or stayed until he can exhaust his administrative remedies. However, any request for a stay should not be granted because Petitioner clearly failed to exhaust his administrative remedies prior to filing his Petition. Additionally, as discussed above, the Petition is subject to summary dismissal because Petitioner has not alleged that the disciplinary conviction he is challenging affected a protected liberty

[3] As exhaustion under § 2241 is not statutory, but rather is a judicially created requirement, some courts have held that the exhaustion requirement may be waived for discretionary reasons, such as where exhaustion would be futile. *Brown v. Warden of FCI Williamsburg*, C/A No. 8:19-546-HMH-JDA, 2019 WL 1780747, at *2–3 (D.S.C. Mar. 25, 2019); *report and recommendation adopted*, 2019 WL 1773382 (D.S.C. April 23, 2019). However, the futility exception does not apply simply because an inmate believes he will not be granted relief through the administrative process. *See Torres v. Martinez*, C/A No. 3:09cv1070, 2009 WL 2487093, at *4 (M.D. Pa. Aug. 12, 2009) ("Exhaustion of administrative remedies is not rendered futile just because a prisoner anticipates he will be unsuccessful in his administrative appeals."). Rather, a petitioner's failure to exhaust administrative remedies may be excused only upon a showing of cause and prejudice. *McClung*, 90 F. App'x at 445; *Groomes v. Warden*, C/A No. 6:09-1750-PMD, 2010 WL 738306, at *5 (D.S.C. Mar. 3, 2010); *see also Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994) ("Cause and prejudice may excuse a procedural default of administrative remedies."). Petitioner has not argued facts in his Petition to indicate a showing of cause and prejudice.

interest. Moreover, Petitioner has not brought his case into proper form as discussed below.

B. Failure to Bring Case into Proper Form

Petitioner also has failed to bring this case into proper form. In the Court's Order dated April 30, 2026, Petitioner was given the opportunity to bring his case into proper form by paying the five-dollar filing fee for a habeas corpus action or completing and returning a fully completed and signed Form AO-240 (application to proceed *in forma pauperis*). Petitioner was specifically warned that his failure to provide the necessary item within the timetable set forth in the Proper Form Order would subject the case to dismissal. *See* ECF No. 3.

The deadline for Petitioner to get his case into proper form has passed, and Petitioner has not provided the proper form item. Thus, in the alternative, it is recommended that this action be dismissed in accordance with Fed. R. Civ. P. 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

## IV. RECOMMENDATION

Accordingly, it is **RECOMMENDED** that the Petition in this action be **DISMISSED** without prejudice and without requiring Respondent to file a return.

**Petitioner's attention is directed to the important notice on the next page.**

Molly H. Cherry
United States Magistrate Judge

August 20, 2026
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).